**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

J & J SPORTS PRODUCTIONS, INC.,

    Plaintiff,

v.                                                   Case No. 12-14086

BAKER'S KEYBOARD LOUNGE, INC.,

    Defendant.
                                                      /

**OPINION AND ORDER DENYING PLAINTIFF'S "MOTION TO ALLOW
ALTERNATE SERVICE" AND DISMISSING THE ACTION**

      Plaintiff J & J Sports Productions, Inc., a distributer of pay-per-view television programs, sues Defendant Baker's Keyboard Lounge, Inc., for displaying a pay-per-view boxing match without permission. Plaintiff submits an untimely "Motion to Allow Alternate Service."

      In November 2012, two months after beginning the action, Plaintiff filed a return of service in which, under the heading "Method of Service," appears a list of events that the server can report by checked box and written elaboration. Listed events include "Personally served at this address:" and "Left copies at defendant's usual place of abode with (name of person):[.]" In the November 2012 return of service, the server checked "Personally served at this address:" and wrote "17196 Mark Twain, Detroit, MI 48235 (served: John H. Colbert)." (Dkt. # 5.) No check or writing appears next to "Left copies . . . with (name of person):[.]" Defendant did not appear and, in December 2012, Plaintiff obtained a default and moved for a default judgment.

The next month, Plaintiff moved for more time to serve Defendant.  According to the motion, John Colbert, Defendant's appointed agent, called Plaintiff and said that "he had a tenant living at the 17196 Mark Twain address at the time of service and [that he had] not receive[d] service[.]"  (Dkt. # 9 at 2.)  The motion never said why the server announced the service of Colbert rather than merely the delivery of papers to a person "at defendant's usual place of abode."  Nevertheless, the court granted the motion to extend, vacated the default, denied the motion for a default judgment, and allowed Plaintiff until the end of February 2013 to accomplish proper service.  The day before the new deadline, Plaintiff moved for a further extension; the motion was granted and the deadline extended, this time to March 31, 2013.

On April 15, 2013, Plaintiff submitted the present, third motion addressing service.  The motion claims that Colbert told Plaintiff he now lives at 17196 Mark Twain but that attempts to serve Colbert at that address have failed.  A server attests by affidavit that, since the February 2013 deadline, he has tried to serve Colbert at the address three times, twice on March 29 and once on March 30.  Plaintiff seeks permission to serve Defendant by mailing the summons and complaint to 17196 Mark Twain.  See Fed. R. Civ. P. 4(h)(1)(A) (allowing a corporation to be served as an individual), 4(e)(1) (allowing an individual to be served in accord with state service rules); and Mich. Ct. R. 2.105(I)(1) (allowing a court, in its discretion, to permit service in a "manner reasonably calculated to give the defendant actual notice").  Although it never says so in the motion, Plaintiff seeks also a retroactive extension of the service deadline.

Plaintiff has not accounted for the misleading return of service. It has not said why, after it received a thirty-day extension of the service deadline, its server waited until two days before the deadline to appear at Colbert's putative address. It has not described the exertion and process preceding its conclusion that service of a corporate defendant can be managed only at one residence of one man. And it has not endeavored to justify the late arrival of its most recent motion. A plaintiff seeking to extend the service deadline must show good cause for the extension. Fed. R. Civ. P. 4(m); *see* 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1137 (3d ed.). No good cause appears; too much remains unexplained.

Accordingly, IT IS ORDERED that the motion for alternate service [Dkt. # 17] is DENIED. The action is DISMISSED WITHOUT PREJUDICE under Federal Rule of Civil Procedure 4(m).

    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: May 15, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 15, 2013, by electronic and/or ordinary mail.

    s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522